### FRANK SULLIVAN

*v.*

### THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield April 2, 1895.*

1. CRIMINAL LAW—*what the record must show as to indictment.* The record in a criminal case must show that the grand jury was called, impaneled and sworn, a foreman appointed, and the indictment returned into open court.

2. SAME—*verdict need not state age of adult defendant.* Under section 10 of the act of June 18, 1891, providing that the jury shall find whether or not the defendant is between the ages of ten and twenty-one years, and if between such ages, shall find his age, a verdict need not show the age of a defendant who is an adult.

3. APPEALS AND ERRORS—*errors assigned on imperfect record.* Errors assigned in a criminal case on the basis of an imperfect record are not available, where the true record has been subsequently brought up and they do not apply to it.

4. SAME—*when court of review will presume jury were properly instructed.* In the absence of a complete record it will be presumed that instructions which it is the duty of the trial court to give were given in a particular case.

WRIT OF ERROR to the Circuit Court of Pike county; the Hon. JEFFERSON ORR, Judge, presiding.

ROBERT TILTON, for plaintiff in error.

M. T. MOLONEY, Attorney General, T. J. SCOFIELD and M. L. NEWELL, of counsel, and AVERILL BEAVER, States Attorney, for People.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an indictment, numbered 581 in both of the records hereinafter named, against the plaintiff in error, Sullivan, and one Frank Griggs, for burglary. In the verdict the jury found them both guilty, and fixed Sullivan's punishment at confinement in the penitentiary for eight years, and found Griggs to be twenty years of age. By the judgment rendered upon the verdict, Sullivan was

sentenced according to the verdict, and Griggs was committed to the State Reformatory at Pontiac.    This writ of error is prosecuted by Sullivan alone.

The plaintiff in error by his counsel in a brief filed in this court on November 15, 1894, assigns as errors, that the record filed by him here on that day does not show that the indictment was returned into open court, or that the grand jury was sworn.

The record must show that the indictment was returned into open court.   (*Aylesworth* v. *People*, 65 Ill. 301; *Yundt* v. *People*, 65 id. 372; *Fitzpatrick* v. *People*, 98 id. 269). In order to comply with the statute, the record should recite that the grand jury was called, impanelled and sworn, and a foreman appointed.   (*Williams* v. *People*, 54 Ill. 422; *Yates* v. *People*, 38 id. 527).

These errors are well assigned as against the record originally filed in November, 1894.   But at the January term, 1895, the Attorney General suggested a diminution of the record, and, proper showing having been made, a writ of *certiorari* was issued to the clerk of the circuit court of Pike county to send up a complete record in the case.    On January 9, 1895, a complete record was filed herein, which was allowed to stand as a return to the writ.    This latter record shows, that the grand jury was duly summoned and called, and that the court appointed one of their number foreman, and that the foreman and the remaining grand jurors were duly sworn, and were instructed by the court as to their duties, and retired to consider of their presentments.   This record also shows, that the grand jury came into open court, and through their foreman presented said bill of indictment, which was endorsed by said foreman a true bill, and ordered by the court to be filed, docketed and made a part of the record.    In view of the showing thus made by a full and complete record of the proceedings in the court below, the errors assigned are not well taken.   They have no

application to the true record, and the defects indicated by them do not in fact exist.

A copy of certain portions of the record was procured from the clerk of the circuit court in this case, and filed in this court in November, 1894, as a complete transcript of the record, and errors were assigned upon it, which do not in fact exist when the full record is exhibited. Such a practice as this is nothing less than an imposition upon the court.

It is further assigned as error, that the verdict of the jury does not show the age of plaintiff in error. The verdict is as follows: "We, the jury, find the defendants Frank Sullivan and Frank Griggs guilty in manner and form as charged in the indictment, and fix the defendant, Frank Sullivan's, punishment at confinement in the penitentiary for the term of eight years, and we further find, that the said defendant, Frank Griggs, is twenty years of age." It is contended, that the jury should have stated in their verdict the age of Frank Sullivan as well as that of Frank Griggs; and this contention is based upon the language used in section 10 of the "Act to establish the Illinois State Reformatory," etc., approved June 18, 1891, (3 Starr & Cur. Stat. page 1051), which act was held by this court to be a valid law in *People ex rel.* v. *State Reformatory,* 148 Ill. 413. Section 10 is as follows:

"Sec. 10. In all criminal cases tried by jury, in which the jury shall find the defendant guilty, they shall also find by their verdict whether or not the defendant is between the ages of ten (10) and twenty-one (21) years, and if the jury shall find the defendant to be between the ages of ten (10) and twenty-one (21) years, they shall find, as nearly as may be, the age of the defendant. And in case the finding of the jury shall be that the defendant is between the ages of ten (10) and twenty-one (21) years, and it shall not be shown in said cause that the defendant has been previously sentenced to a penitentiary in this or any other State or country, and the offense of

which the defendant is convicted is not a capital offense, the jury trying such cause shall not fix the punishment of the defendant."

The record in this case contains no bill of exceptions. No instructions, if any were given, nor any motion for new trial or in arrest of judgment, if any was made, are preserved in the record. It is impossible for us to know what the proof was upon which the jury based their verdict, or what the instructions were under which they found it. But we are inclined to think, that the said act of 1891 was intended to apply to minors only, and not to operate as a repeal of existing provisions of the Criminal Code so far as adults are concerned.

Section 9 of the act divides the inmates sentenced to the reformatory into two divisions, the first to include males between the ages of ten and sixteen years, and the second to include males between the ages of sixteen and twenty-one years. By the terms of section 10, the jury are only to find the age of the defendant in their verdict, when they find that he is between the ages of ten and twenty-one; and they do not fix the punishment in their verdict, when they find that the defendant is between those ages, and has not been previously sentenced to a penitentiary, and the offense is not a capital one. When the defendant is over twenty-one years of age, it is not necessary to find his age in the verdict, and it is necessary to fix his punishment therein. Unless proof is introduced to show that the defendant is under twenty-one years of age, the jury is not obliged to find his age in their verdict. In the condition of the record in the case at bar, it will be presumed that Sullivan was more than twenty-one years of age.

A statute must be construed with reference to its general intent, and its several parts must be construed as bearing upon and effectuating the general purpose of the whole act. The cardinal or main purpose of the act is an implied limitation on the sense of general terms,

and a key to the meaning of minor provisions. Words and clauses in different parts of a statute should be so read as to harmonize with its general intent. (Sutherland on Stat. Const. secs. 239, 240, 241). "The mere literal construction of a section in a statute ought not to prevail, if it is opposed to the intention of the legislature apparent by the statute." (Id. sec. 246).

Construed according to these rules, the act of 1891 applies only to persons between the ages of ten and twenty-one years. As to offenders above the age of twenty-one years, the law remains unchanged; no good purpose is subserved by stating the age of a defendant in a verdict when his age exceeds twenty-one years. In proper cases, it is the duty of the court to properly instruct the jury in regard to finding the ages of persons on trial for criminal offenses. It will be presumed that such instructions were given in this case. It does not here appear, that the verdict was objected to in the court below, either at the time it was rendered, or by motion for new trial, or in arrest of judgment. In *People ex rel.* v. *State Reformatory, supra,* sections 10, 12 and 13 of the act are spoken of as having reference to minors.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*