(No. 12071.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* A. POOLE, Plaintiff in Error.

*Opinion filed June 20, 1918.*

1. CRIMINAL LAW—*word "impanel" includes all steps in formation of jury preceding the oath.* The word "impanel" covers all the steps in ascertaining who shall be the twelve men to sit as jurors in a case and means the final formation of the jury by the court preceding the oath, and a recital in the record that the jury "were duly impaneled and sworn" means the jury as finally formed, and not those, only, who were called for examination as to their competency to serve as jurors.

2. SAME—*when jury need not find age of defendant convicted of rape.* Unless there is evidence in the record tending to show that a defendant charged with rape is under twenty-one years of age it is not necessary that the jury find the defendant's age in their verdict, and where the evidence is not preserved in the record it must be presumed, on review, that there was no contention that the defendant was a minor nor any proof on that subject.

3. SAME—*defendant convicted of rape may be imprisoned for life.* The statute providing that "every person convicted of the crime of rape shall be imprisoned in the penitentiary for a term not less than one year and may extend to life," plainly provides that one convicted of said crime may be imprisoned for life.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding.

BENEDICT J. SHORT, and THOMAS E. SWANSON, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE COOKE delivered the opinion of the court:

The plaintiff in error, A. Poole, was convicted of the crime of rape, in the criminal court of Cook county, in May, 1911, and was sentenced to the penitentiary for the period

of his natural life. By this writ of error he seeks to have
the judgment reversed for alleged errors appearing in the
common law record of the case. There is no bill of excep-
tions in the record.

Three grounds are relied upon for reversal: First, the
jury were not sworn to try the issues; second, the jury
failed to find the age of plaintiff in error; and third, the
verdict of the jury and the judgment of the court errone-
ously fixed the punishment of plaintiff in error at confine-
ment in the penitentiary for the term of his natural life.

The record recites: "And now, issue being joined, it is
ordered that a jury come. Thereupon come a jury of good
and lawful men, to-wit, [here follow the names of jurors,]
who were duly impaneled and sworn." The contention of
plaintiff in error is that the impaneling of the jury is the
calling of jurors, from those summoned to appear for jury
service, into the jury box for examination as to their com-
petency to serve as jurors in the particular case on trial,
and that, therefore, the recital in this record indicates only
that the jurors were sworn to answer questions as to their
qualifications and competency to serve. This contention can
not be sustained. The general understanding of the word
"impanel" is that it covers all the steps of ascertaining who
shall be the twelve men to sit as jurors in the trial of a par-
ticular case. (24 Cyc. 367.) The word "impanel" means
the final formation by the court of the jury. It is the act
that precedes the swearing of the jury and ascertains who
are to be sworn. (*State* v. *Ostrander,* 18 Iowa, 435.) Sec-
tion 20 of the Jurors act provides that as often as it shall
be necessary to impanel a jury, the clerk, sheriff or coroner
shall, in the presence of the court, draw by chance twelve
names from the box containing the list of the jurors sum-
moned, which shall designate the twelve to be sworn on the
jury. Section 21 provides that upon the impaneling of any
jury it shall be the duty of the court to order the full num-
ber of twelve jurors into the jury box before either party

shall be required to examine any of them touching their qualifications to try the case. In the absence of any judicial determination of the meaning of the word "impaneled" when used in this connection, this record, when considered in connection with the statute, can only mean that a jury of twelve men were impaneled and sworn to try the cause.

The verdict of the jury did not find the age of plaintiff in error. Section 10 of the Reformatory act then in force provided that in all criminal cases tried by jury in which the jury should find the defendant guilty, they should also find by their verdict whether or not the defendant was between the ages of ten and twenty-one years, and if the jury should find him to be between the ages of ten and twenty-one years, they should find, as nearly as might be, his age. We have repeatedly held that the age of an adult need not be shown, and that unless there is evidence in the record tending to show that the defendant is under twenty-one years of age it is not necessary that the jury find the defendant's age in their verdict. (*Sullivan* v. *People,* 156 Ill. 94; *Doss* v. *People,* 158 id. 660; *Herder* v. *People,* 209 id. 50; *People* v. *Kielczewski,* 269 id. 293.) As the evidence is not contained in the record it must be presumed that there was no contention that plaintiff in error was a minor or any proof that he was between the ages of ten and twenty-one years.

The jury by their verdict fixed the punishment of plaintiff in error at imprisonment in the penitentiary for the term of his natural life, and judgment was rendered accordingly. The statute provides that "every person convicted of the crime of rape shall be imprisoned in the penitentiary for a term not less than one year and may extend to life." It is contended that the preposition "to" is generally defined and understood to be a word of exclusion and was so used in this statute, and that a construction of this statute to authorize a judgment of imprisonment for life involves changing the word "to" to "for" or the word

"life" to "death." The meaning of this provision of the statute is plain, and the verdict returned and the judgment rendered in accordance therewith were clearly proper. If this language is not to be construed to mean that the imprisonment may extend to the end of life, then it must necessarily mean that it may extend to the beginning of life, which would render the provision ridiculous.

There being no error in the record the judgment of the criminal court is affirmed.

*Judgment affirmed.*