(No. 22732.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT CHARLES DAVIS *et al.* Plaintiffs in Error.

*Opinion filed December 19, 1934.*

BENJAMIN C. BACHRACH, for plaintiffs in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, HENRY E. SEYFARTH, and AMOS P. SCRUGGS, of counsel,) for the People.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Plaintiffs in error, Robert Charles Davis and George Osborne, (hereinafter referred to as the defendants,) were convicted of the charge of receiving stolen property, etc., and sentenced to the penitentiary. They prosecute this writ of error to review the judgment of the criminal court of Cook county.

The first count of the indictment charged a larceny of $1200 currency, which was the property of Isabel and Robert McLaughlin. A *nolle prosequi* was entered to this count at the close of all the evidence. The second count charged the defendants with unlawfully receiving and concealing $1200, the property of Isabel and Robert Mc-Laughlin, etc. The defendants were tried before a jury on July 12, 1934. The verdict of the jury was that the defendant Osborne was guilty of receiving $300 and the defendant Davis $250 knowing it to be stolen, etc. Motions for discharge *non obstante veredicto,* for a new trial and in arrest of judgment were overruled.

The defendants urge that the court erred in overruling the motions made at the close of the trial for the reason that the *corpus delicti* was not proved by competent evidence. They contend that there is no evidence of a receiving of stolen property except the confessions of the defendants. They also insist that the verdict of the jury finding the defendants guilty of receiving two different amounts of money is illegal and improper.

Isabel McLaughlin testified to the fact of a larceny. She had a domestic servant named Daisy Branch, who is accused of being the actual thief. The record is silent as to whether or not she has been apprehended. The $1200 currency which was stolen was in a hat-box in a closet in the McLaughlin home. Daisy left at the time the money was missed. Mrs. McLaughlin did not see the defendants on the premises at or near the time of the theft. She was

permitted to testify, without objection, that she smelled the odor of whisky in her kitchen shortly after she missed the money. In their confessions the defendants stated that they waited in the kitchen while Daisy went up-stairs and got the money.

Davis did not testify on his own behalf, but Osborne testified that he had known Daisy Branch for a few months. He and Davis went in a cab with Daisy to the McLaughlin home to help her move, because she had obtained a better position. He said they waited in front of the house about fifteen minutes and then Daisy came out with a hat-box and a dress. She carried the hat-box on her lap while they drove to the home of a man named Neely. The defendants did not see any money. After they got to Neely's house Daisy went into a room by herself, and when she came out, she, the defendants and several other persons started a crap game. Osborne testified that he won between $100 and $150 from Daisy. He did not say whether Davis was in the crap game or whether the latter got any money. He testified that he began drinking while he was playing, and when he woke up the next morning his money was gone.

Objections to the confessions of the defendants were overruled. The question of the competency of this evidence is not argued and need not be considered. The confessions showed that the defendants went to the McLaughlin home and waited in the kitchen while Daisy Branch went up-stairs and took the money. After they reached the Neely home they divided the money. Osborne received $300 and Davis about $250. The remainder of the confession concerned the crap game and the loss of the money by both the defendants. Police officers testified to the arrest of the defendants and the subsequent questioning of them at the police station, but the substance of their testimony was contained in the confession.

The rule is well settled in this State that the *corpus delicti* cannot be proved by the confession of the defend-

ants alone. (*People* v. *Wulff*, 313 Ill. 286; *Wistrand* v. *People*, 213 id. 72; *May* v. *People*, 92 id. 343.) The People contend that the *corpus delicti* may be proved by circumstantial evidence. The decisions in *People* v. *Gillespie*, 344 Ill. 290, and *Campbell* v. *People*, 159 id. 9, support this rule. They contend that quite aside from the defendants' confession the defendant Osborne's testimony aids the proof of the *corpus delicti.*

When the People rested their case, except for the confessions themselves, the only evidence as to a crime was the testimony of Mrs. McLaughlin, who told about her money being gone, and the testimony of the officers, who told about making the arrests of the defendants and taking their confessions. At that time the *corpus delicti* of receiving stolen property had not been proved by competent evidence. The only crime the evidence tended to prove was larceny. The defendant Osborne did not testify to a receiving of the money or that he knew the money was stolen. He said he won it in a crap game with the thief. There is no evidence, aside from the extra-judicial confession, that Davis received anything. The lack of proof on the part of the People was not supplied by the testimony of Osborne. None of the money was found on the defendants. Osborne denied that he knew the money was stolen and also denied that it was divided with Davis and himself. Osborne's testimony would tend to prove that he assisted in the larceny rather than that he received the stolen property. The rule applies that the *corpus delicti* cannot be proved by the confession of a defendant alone.

Since the case must be reversed for this essential failure of proof, the assignment of error with reference to the form of verdict need not be considered.

The judgment is therefore reversed and the cause remanded to the criminal court of Cook county for a new trial.

*Reversed and remanded.*