(No. 35946.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* QUINTEN JAMES CAVANESS, Plaintiff in Error.

*Opinion filed Nov. 28, 1960.—Rehearing denied Jan. 18, 1961.*

HAROLD N. LINGLE, of Anna, and GERALD H. JOHNSON, of Cape Girardeau, Missouri, for plaintiff in error.

WILLIAM L. GUILD, Attorney General, of Springfield, and JOHN PAUL DAVIS, State's Attorney, of Jonesboro, (FRED G. LEACH, Assistant Attorney General, and FORD L. RENDLEMAN, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Quinten James Cavaness was indicted on a charge of assault with intent to murder Ferdinand Sweitzer. Trial was held before a jury, which returned a verdict of guilty. After motions of defendant for a new trial or in the alternative for arrest of judgment were denied, the court imposed judgment and sentence of not less than four years nor more than ten years in the penitentiary. This case is before us on writ of error.

The defendant contends that the trial judge was guilty of prejudicial conduct; that the court erred in admitting certain exhibits over defendant's objection; that the trial court erred in failing to instruct the jury as to the elements of the offense charged; that the trial court erred in giving certain instructions for the People and in refusing to give an instruction tendered by defendant; that the defendant's age

was not proved, and that the defendant was not proved guilty beyond a reasonable doubt.

Defendant and Sweitzer owned adjoining farms. Hogs belonging to Sweitzer strayed onto defendant's farm. Defendant placed a gun in his car, drove to a nearby village seeking Sweitzer, found him and demanded that the hogs be confined. Sweitzer agreed to do so, there was a vituperative exchange, after which Sweitzer drove rapidly to his farm, with defendant following him closely. At the farm Sweitzer entered his brother's house while defendant stood in the road. Sweitzer came out of the house, picked up a crowbar, advanced toward defendant and according to defendant's testimony struck the defendant with the crowbar. The defendant and Sweitzer then wrestled for possession of the crowbar. The defendant gained it, whereupon Sweitzer took a ball bat from one of his nieces who were watching the fracas. Defendant then, after returning to his auto, got his gun and chased Sweitzer around the house, firing two shots, one of which struck Sweitzer in the back, lodging near his heart.

Defendant drove to his home where he was arrested by police officers. They asked defendant to produce the gun; he told them where it was and they picked it up.

Although we have merely given a synopsis of the evidence, a minute scrutiny of the entire record convinces us that the defendant was proved guilty beyond a reasonable doubt. We cannot say, after consideration of all the evidence, that it was so unreasonable, improbable or unsatisfactory as to justify our reversing the conviction; therefore, we will look to the other assignments of error.

The defendant contends that the trial court was guilty of prejudicial conduct of such character as to deprive the defendant of a fair and impartial trial. The remarks to which the defendant takes exception were three in number, during the course of a trial which produced testimony filling 109 pages of the record. The trial judge asked the

deputy sheriff the following question: "Now is that pistol and those cartridges in the same condition that they were the day Mr. Cavaness gave them to you?" We fail to see how such a remark could even remotely be construed to be prejudicial and we observe that defendant's counsel made no objection at the time the trial judge put the question. Subsequently during the trial the prosecuting witness Sweitzer burst·forth during the testimony of the defendant with this remark: "Let him tell it. I want to hear it." The court then admonished Sweitzer with the statement "Now you just keep still Mr. Sweitzer." Shortly thereafter the defendant, for what reason is not clear from the record, while on the stand blurted out the following: "I do not see anything so damn funny about this. If you have got a joke let's have it. I feel pretty bad." The court then stated: "Now just a minute Mr. Cavaness. You are getting ready to be in contempt of court. Let's put this in the record. We will have no more of that please." The defendant's counsel did not, at the time, object to either of these statements of the court. We think that the alleged prejudicial conduct is not now open to review. (15 I.L.P. 118, 327.) More important, however, is the fact that we do not believe the question or remarks by the trial judge constituted prejudicial conduct. The court properly admonished Sweitzer, and also warned the defendant of a possible contempt, and his statements did not constitute either "constant interference," as was present in the *People* v. *McMullen*, 300 Ill. 383, nor "obvious interference," as found in the *People* v. *Judycki*, 302 Ill. 143. Neither would the remarks of the trial judge bring this case within the purview of the *People* v. *Lurie*, 276 Ill. 630, because the trial judge did not, in either of the instances complained of, indicate in the slightest degree that he thought the defendant was guilty. The mere fact that the trial court suggested a contempt charge to the defendant and merely admonished the prosecuting witness does not indicate any prejudice. The remarks quite

obviously were of varying degrees of impropriety and brought forth different treatment by the trial judge. In this respect we think the trial judge displayed proper judicial decorum and temperament, and the defendant was not prejudiced.

The defendant contends that the trial court erred in admitting a firearm and certain cartridges in evidence over defendant's objection. We have held on numerous occasions that a weapon found in the dwelling of the defendant at the time of his arrest may be admissible to show that he possessed a weapon suitable for the commission of the crime charged against him. (*People* v. *Dale,* 355 Ill. 330; *People* v. *Smith,* 413 Ill. 218; *People* v. *Limeberry,* 298 Ill. 355.) The testimony of three witnesses is that the defendant had a gun in his hand. The testimony of four witnesses is that two shots were fired, and it can hardly be controverted that immediately thereafter Sweitzer was on the ground bleeding from a bullet wound in his back. We fail to see how the introduction of the weapon in evidence could prejudice the defendant.

The fourth, fifth and sixth allegations of error made by the defendant pertain to the matter of instructions.

The defendant objects that the trial court erred in failing to instruct the jury as to the elements of the offense for which the accused is indicted. The defendant tendered 20 instructions; three were later withdrawn and all but two of the remainder were given. The People tendered 20 instructions; one was withdrawn and 13 of the remainder were given. Within the 28 instructions thus given, there were contained all the nature and elements of the offense charged in the indictment.

The defendant objects that the trial court erred in giving People's instructions numbered 4, 7, 9, 10 and 14. There was no objection on the part of the defendant to any of these instructions except People's No. 4. That instruction is as follows: "Whoever attempts to commit

murder by poisoning, drowning, strangling or suffocating another, or by any means, shall be guilty of the crime of assault with intent to murder, and punished accordingly." We agree that the giving of this instruction is subject to criticism by reason of its not being applicable to the evidence; however, the evidence is of such a character that no harm resulted from its being given. The jury was fully instructed, and the defendant's theory that the defendant shot in self-defense is covered by defendant's instructions numbered 14, 15, 16, 17 and 18. We only comment on People's instruction No. 4 as there appear to be no substantial defects in People's instructions numbered 7, 9, 10 and 14. Other defects in said instructions are waived. Ill. Rev. Stat. 1959, chap. 110, par. 101.25.

The defendant further objects that the trial court erred in sustaining the People's objection to defendant's instruction No. 12 and in refusing to give such instruction. That instruction is as follows: "The court instructs the jury that the indictment in this case charges the defendant, Quinten Cavaness, with the crime of assaulting Ferdinand Sweitzer with a pistol with intent to murder him. You are further instructed that unless, from all the evidence in this case, you believe beyond all reasonable doubt that, if Ferdinand Sweitzer had been killed in the assault, it would have been murder, then you cannot find Quinten Cavaness guilty as charged in this indictment of the crime of assault to murder. A justifiable killing or manslaughter might have been the result of Sweitzer dying from the assault, and if there remains in your mind any reasonable doubt whether such killing would have been murder or, instead of murder, only manslaughter or justifiable homicide, then you should give the defendant, Quinten Cavaness, the benefit of such doubt and find him not guilty."

We think the instruction is objectionable on two grounds. Neither this instruction nor any other tendered by defendant defines "manslaughter" as used in instruction

52

No. 12. In addition, the instruction is argumentative when it states: "a justifiable killing or manslaughter might have been the result of Sweitzer dying from the assault, . . . ."

We have also examined defendant's instruction No. 11, which was given, and find that it fully and completely covers every element necessary for the State to prove in a manner most favorable to defendant.

We have repeatedly held that it is sufficient if the series of instructions, considered as a whole, fully and fairly announces the law applicable to the theories of the case (*People* v. *Stevens,* 11 Ill.2d 21) and that instructions which are argumentative or repetitious may properly be refused. We, therefore, conclude that the court did not abuse its discretion in refusing to give defendant's instruction No. 12.

There is no merit in the defendant's contention that his age was not proved. Two witnesses testified sufficiently to indicate that the defendant was an adult and we do not think that his exact age need be shown unless there is evidence in the record tending to show that the defendant is a minor. *People* v. *Poole,* 284 Ill. 39.

For the reasons stated, the judgment of the circuit court of Union County is affirmed.

*Judgment affirmed.*