Papes, Plaintiff-Appellant, *v.* King, Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26919.  Decided November 12, 1964.

*Messrs. Peter Onysko* and *L. H. Bostnar,* for plaintiff-appellant.

*Messrs. Jamison, Ulrich, Hope, Johnson & Burt,* for defendant-appellee.

Corrigan, J.  This appeal comes before us on questions of law from the judgment entered in the Court of Common Pleas of Cuyahoga County in its function as an appellate court in a cause arising in the Bedford Municipal Court.

The plaintiff-appellant, hereinafter referred to as the plaintiff, originally brought an action for money only in the Bedford Municipal Court to recover for damage to her automobile allegedly caused by the negligence of the defendant-appellee, hereinafter referred to as the defendant.  The cause was tried to a jury of six which returned a verdict for the defendant, and judgment was rendered thereon.  The plaintiff's motion for new trial was overruled, and appeal was made to the Cuya-

hoga County Court of Common Pleas which affirmed the judgment of the Bedford Municipal Court. Thereupon, appeal was taken to this court.

The narrative bill of exceptions filed by the plaintiff and allowed by the trial court indicates that the defendant requested a jury of six; that during the voir dire examination of prospective jurors none was challenged for cause; that counsel for the plaintiff exercised two peremptory challenges; that the trial court advised counsel for the plaintiff that the number of peremptory challenges to each party was limited to two; that counsel for the plaintiff advised the court and made a proffer for the record that the plaintiff intended to exercise four peremptory challenges; and that objection was made and exceptions taken to the trial court's ruling limiting the plaintiff to two peremptory challenges.

The plaintiff's three assignments of error, in effect, relate to the question of whether the trial court committed prejudicial error in limiting her to two peremptory challenges during the impaneling of the jury. The plaintiff raises no issue concerning the defendant's demand for a jury of six in the Bedford Municipal Court.

The Constitution of the State of Ohio in Article I, Section 5, provides in part:

"The right of trial by jury shall be inviolate * * *."

There is no constitutional provision pertaining to the selection and impaneling of a jury. However, the right of trial by jury guaranteed by the Constitution carries with it by necessary implication the right that the jury be composed of unbiased and unprejudiced persons. Moreover, where the parties are entitled to a jury, the court is charged with the imperative duty of affording each party the opportunity of having an impartial jury. *Lingafelter* v. *Moore*, 95 Ohio St., 384, 117 N. E., 16. To this end, statutory provision is made for the voir dire examination of prospective jurors to determine whether they are partial, prejudiced, or biased and for their challenge individually if any such cause be found.

Thus, Sections 2313.42 and 2313.43, Revised Code, provide for the causes for which persons called as jurors may be challenged. Section 2313.44, Revised Code, grants each party the right of peremptory challenges by providing:

"In addition to the challenges for cause under Sections 2313.42 and 2313.43, Revised Code, each party peremptorily may challenge four jurors."

Refusal to allow a party the peremptory challenges granted to him by statute in a civil case is grounds for reversal. *The Cleveland, Painesville and Ashtabula Railroad Co.* v. *James H. Stanley*, 7 Ohio St., 155.

The question presented in this case is whether the provision of Section 2313.44, Revised Code, granting a party four peremptory challenges in a civil case extends to trials in municipal courts where the case is to be tried before a jury of six. No cases have been brought to our attention nor have we been able to discover any which have previously decided this specific question.

The right of peremptory challenges in civil cases was unknown to the common law. 31 American Jurisprudence, 194, Jury, Section 231. It is a purely statutory right and can only be exercised in such cases and to the extent expressly authorized and allowed by statute. *Stevenson* v. *State*, 70 Ohio St., 11, 70 N. E., 510. Therefore, unless expressly authorized by statute, there can be no peremptory challenges in the impaneling of a jury.

Section 1901.24, Revised Code, provides for jury trials in municipal courts. Section 1901.25, Revised Code, provides in part:

"* * * Jurors shall be *impaneled* in the same manner, shall have the same qualifications, shall be challenged for the same causes, and shall receive the same fees as jurors in the court of common pleas. * * *" (Emphasis added.)

By "impaneling" the jury is generally meant the process of examining, challenging, passing, and accepting as jurors on the trial of a particular case certain persons of those present for jury service, who have been summoned for such service. See 32 Ohio Jurisprudence (2d), 655, Jury, Section 69.

Paragraph one of the syllabus in the case of *The People of The State of Illinois* v. *A. Poole*, 284 Ill., 39, 119 N. E., 916, states in part:

"* * * The word 'impanel' covers *all the steps* in ascertaining who shall be the twelve men to sit as jurors in a case and

means the final formation of the jury by the court preceding the oath. * * *'' (Emphasis added.)

The right to challenge a prospective juror peremptorily, if exercised, would certainly be one of the steps in ascertaining who will ultimately sit on the jury. Thus, the command of Section 1901.25, Revised Code, that jurors "shall be impaneled in the same manner" contemplates that each party in a civil case in municipal courts shall have the right of peremptorily challenging the same number of prospective jurors as in the courts of common pleas under Section 2313.44, Revised Code.

This conclusion is also supported by Section 1901.21, Revised Code, which provides in part:

"* * *

"In any civil case or proceeding if no special provision is made in Sections 1901.01 to 1901.38, inclusive, Revised Code, the practice and procedure shall be the same as in courts of common pleas. * * *

"* * * *"

The provisions of the above statute and of Section 1901.25, Revised Code, make it abundantly clear that the legislature intended that a party have the right to exercise four peremptory challenges in the selection of a jury in the municipal court.

However, the defendant claims that the provision of Section 2313.44, Revised Code, only applies to a common pleas court jury of twelve and not to a municipal court jury of six and that the practice and procedure in the courts of common pleas pertaining to trial by jury is premised on there being twelve jurors. In effect, the defendant claims that there is no "practice or procedure" in courts of common pleas for trial by a jury of six and that the provision of Section 2313.44, Revised Code, should not be extended to municipal court trials before a jury of six. The defendant does not argue that there is no right to use four peremptory challenges in municipal court cases in which there are twelve jurors, but, instead, submits that the number of peremptory challenges should be proportionately reduced when there are juries of less than twelve.

This claim is not well taken. There is nothing in the Constitution, statutes, or case law of this state to support such a position.

Moreover, unless it be determined that the provision of

Section 2313.44, Revised Code, applies to trials in municipal courts before juries of six, there would be no right of peremptory challenge in such cases since this right was not known at the common law and can only be exercised if authorized by statute. We do not believe that the legislature intended such result.

Accordingly, the judgment of the Court of Common Pleas affirming the judgment of the Bedford Municipal Court is reversed as contrary to law and the cause is remanded for further proceedings according to law.

Exceptions. Order see journal.

KOVACHY, P. J., WASSERMAN, J., concur.