Odis Garmon, Defendant-Appellant, v. People of the State of Illinois, Plaintiff-Appellee.

Gen. No. 66–84.

Fifth District.

October 25, 1966.

Henry A. Schwarz, of O'Fallon, for appellant.

William G. Clark, Attorney General of the State of Illinois, of Springfield, John M. Karns, Jr., State's Attorney of St. Clair County, of Belleville, and Harold M. Jennings, Assistant State's Attorney, for appellee.

EBERSPACHER, J.

This is an appeal by the defendant, Odis Garmon, who was found and adjudged guilty of the crime of murder and sentenced to a term of years not less than 199 nor more than 200 in the penitentiary. The appeal was originally filed in the Illinois Supreme Court and transferred therefrom to this court on Order of the Illinois Supreme Court finding that the issues raised by defendant-appellant's brief present no constitutional question.

Defendant sets forth two grounds for reversal, namely: (1) that the evidence presented was insufficient to justify a finding of guilty on the crime of murder in that it was

insufficient as to the proof of the cause of death, and (2) that the People did not prove the age of the defendant by sufficient evidence as to justify the jury's finding of defendant's age.

Defendant's first contention is based on the alleged inadequacy of the testimony of the coroner, a medical doctor, who was not qualified as an expert, as to the cause of the death of the victim, Vida Burns. At no time were objections made to the qualifications of the coroner, nor was any motion made to strike his testimony.

The People presented uncontradicted evidence, that the defendant and the decedent victim entered People's witness Willis' taxicab on a clear day around 11:30 o'clock in the forenoon, and that while riding in the cab an argument between defendant and decedent broke out, during which time decedent was weeping; that during the argument defendant stated that he was going to kill her and pulled a knife from his clothing and commenced to saw and cut on decedent's neck, causing lacerations and cuts on the neck, and that "blood was running all down on her sweater and on her clothes." Willis further testified that when he saw the knife, and saw what defendant was doing he pulled to the curb, got out of the car and called his dispatcher over the cab mike and reported the incident, whereupon defendant left the cab.

A police officer testified that in response to a call at approximately 11:27 a. m. he immediately proceeded to the spot at which the crime had occurred, spent about fifteen minutes searching for defendant and then proceeded to the hospital where he saw the decedent, whom he recognized, on the operating table, with her throat cut and being administered to.

The coroner testified that the decedent died at about 5:50 p. m. on the date of the crime, in surgery, and that he was not present at the time of surgery, but first saw the body the following morning. At that time, he removed

26

the sutures which had been placed in the neck to determine the depth of the neck wounds, one of which was about six inches long and the other about two inches long, and that he concluded that decedent died as a result of hemorrhaging from the lacerations on the neck. On cross-examination, he testified that the body bore the marks resulting from an incision of the chest where the surgeon had done open heart resuscitation and a small incision in the neck, where a tracheotomy tube had been inserted into the larynx, and that neither increased the loss of blood. He further testified that he was not of the opinion that the neck wounds were made by the surgeon's knife, and that although he did not make a dissection to determine exactly which vessels were cut, he concluded from the depth of the neck wounds that the external jugular had been cut, but that the carotid artery lying deeper was not.

▮ No evidence was offered nor does the record suggest that any supervening act disconnected from the original criminal agency was the cause of death. In People v. Meyers, 392 Ill 355, 64 NE2d 531 at page 533, the court stated that:

> "The law is that when the state has shown the existence, through the act of the accused, of a sufficient cause of death, the death is presumed to have resulted from such act, unless it appears death was caused by supervening act disconnected from any act of the defendant."

See also, People v. Reader, 26 Ill2d 210, 186 NE2d 298, wherein the court held that the facts proved were such that would warrant a jury in believing beyond a reasonable doubt that the gunshot wound was the cause of death and that the subsequent pneumonia which arose several days prior to death in the hospital was merely a condi-

27

tion which would often follow hospitalization due to such a gunshot wound.

■ Here the evidence shows beyond a reasonable doubt that an illegal act was committed by the defendant, which would normally, in the natural course of events, result in death. This was supported by the testimony of the coroner, and when it was proved that the victim died under the circumstances here present, the People had proved the corpus delicti beyond a reasonable doubt. We have examined the cases cited by defendant in which it was held that the proof as to the cause of death was insufficient.[1] Our examination of those cases leads us to the conclusion that the factual situation in those cases bears no similarity to those of this case. In those cases the relationship between the criminal agency and the cause of death was left largely to inference and speculation, and the criminal act was not of such nature as would normally cause death.

In support of his second contention defendant contends that age of the defendant, is a necessary element of the corpus delicti, and that it cannot be proved by an extrajudicial verbal confession or admission alone. Here the jury found the defendant was "about the age of 41 years." A police officer testified that when defendant surrendered himself to him, he asked defendant his age and defendant gave his age as 41, and subsequently that defendant made and signed a statement in his presence in which he gave his age as 41. Defendant has cited numerous cases on this point,[2] all but one of which discuss the issue of de-

[1] People v. Martin, 26 Ill2d 547, 188 NE2d 4; People v. Benson, 19 Ill2d 50, 166 NE2d 80, and People v. Wilson, 400 Ill 461, 81 NE 2d 211.

[2] Wistrand v. People, 213 Ill 72, 72 NE 748; People v. Rogers, 415 Ill 343, 114 NE2d 398; People v. Davidson, 240 Ill 191, 88 NE 565; People v. Claussen, 367 Ill 430, 11 NE2d 959; People v. Willson, 401 Ill 68, 81 NE2d 485; and People v. Davis, 358 Ill 617, 193 NE 535.

fendant's age in relationship to the crimes of rape or statutory rape, where age is specifically made a material element of the crime by statute. The other case cited by defendant, People v. Davis, 358 Ill 617, 193 NE 535, held that in a prosecution for receiving stolen property, the corpus delicti could not be proven by the confession of the defendant alone, and age of the defendant was not mentioned.

■ The corpus delicti or essential elements of the crime of murder are the fact of death, and the fact that the death was produced by the criminal agency of some person. People v. Bentley, 357 Ill 82, 192 NE 230; People v. Hanson, 359 Ill 266, 194 NE 520.

■ Our Supreme Court, reviewing a conviction in which the defendant was charged with assault with intent to murder, in People v. Cavaness, 21 Ill2d 46, 171 NE2d 56, at page 52 said:

". . . . we do not think that his exact age need be shown unless there is evidence in the record tending to show that the defendant is a minor. People v. Poole, 284 Ill 39."

Here there is nothing in the record to indicate defendant was a minor. In this case, the jury was required to find the age of the defendant, only to enable the court to determine the proper sentence, and it has been held that a judgment of conviction sentencing a defendant to the penitentiary will not be reversed merely because it does not appear in the record that the jury made a finding as to his age; and that it must appear from the record that the defendant was prejudiced by such failure, and a showing in the record as to what the age of the defendant is dispels all doubt of such prejudice. People v. Simmons, 299 Ill 201, 132 NE 423.

We therefore conclude that in this case the age of the defendant was not a part of the corpus delicti and was sufficiently proved.

■■■■■■

Finding no error, we affirm the judgment of the Circuit Court of St. Clair County.

Judgment affirmed.

GOLDENHERSH and MORAN, JJ., concur.