People of the State of Illinois, Appellee, v. Elvarnado Payne, et al., Appellants.

Gen. No. 51,449.

First District, Second Division.

November 15, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (James J. Doherty and Thomas P. Cawley, Assistant Public Defenders, of counsel), for appellants.

William G. Clark, Attorney General of the State of Illinois, of Springfield (Daniel P. Ward, State's Attorney of Cook County, of Chicago, Fred G. Leach, Assistant Attorney General, Elmer C. Kissane and Joel M. Flaum, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court.

■■■■■■■■

This is an appeal from a judgment of the Circuit Court of Cook County finding the appellants guilty of the crime of murder. Appellant Payne was sentenced to the penitentiary for 25 to 40 years and appellant Friar was sentenced to the women's prison for 20 to 35 years. It is appellants' sole contention on this appeal that they were denied due process of law and a fair trial because of the trial court's failure to properly instruct the jury.

The facts of the case are as follows: According to Calvin Friar, Jr., the twelve-year-old son of the deceased and appellant Virlee Friar, he was awakened at approximately 2:00 a. m. on October 8, 1963, by the arguing of his parents. He testified that he heard his mother ask the deceased if his conscience was bothering him; appellant Payne then interjecting, "I should kill you." Payne then told Calvin's mother to go get the gun. Young Friar, who was still in bed, and supposedly asleep, saw his mother go into her bedroom to get the gun. Shortly thereafter Calvin heard three or four shots. Appellant Friar then came in and woke up Calvin and his two brothers. They rushed into the living room where they saw a pool of blood on the couch and on the floor. The deceased's son also saw Payne carrying his father's body on his shoulder. Following some intermediate stops, including one where appellant made the remark, "For all the police know, it is an accident," the appellants and appellant Friar's boys started for Mississippi but got only so far as the vicinity of Dwight, Illinois, where they had an automobile accident.

The two appellants testified in their own behalf and told a vastly different story. Elvarnado Payne testified that he was a guest of Mrs. Friar and that they were seated on the couch talking when the deceased burst into the living room and said, "What are you doing here?" Appellant said he did not reply as the deceased had a gun in his hand. Deceased then walked towards his wife,

appellant Friar and appellant Payne and said, "I am going to kill you, you son of a bitch." Mrs. Friar then got up and went into the bedroom and the appellant Payne jumped up and grabbed for the gun-hand of the deceased. In the ensuing struggle, the gun wound up in the hand of Payne and, according to his version of the shooting, went off in the course of the struggle. Payne said that he was very frightened at this time. Appellant Payne, along with appellant Friar, then piled the children in the car, made a couple of stops, dumped the body in a wooded area off the Calumet Expressway, and started for Mississippi.

Appellants in their brief concede that there was sufficient evidence adduced at the trial to warrant the jury's verdict. Their complaint on this appeal is that the trial court deprived them of a fair trial by refusing to give instructions which properly presented their theory of the case, i. e., the killing was in self-defense.

Appellants offered four instructions on the issue of self-defense. The trial court gave two of them and denied the other two. The defendants' instructions which the trial court gave are as follows:

Defendant's Instruction No. 7

"If the defendant, at the time he killed the deceased, had reasonable cause to apprehend, and did believe that the deceased was about to either kill him or do him some great bodily harm, and that the danger of his doing either was imminent, and that the defendant shot him to avert such apprehended danger, then such shooting was justifiable, and you should acquit on the ground of self-defense. And in this connection, it is not necessary, in order to acquit on the ground of self-defense, that the danger should, as a matter of fact, have been real or actually impending; all that is necessary is that the defendant had reasonable cause to believe that the danger

58

was real and about to fall upon him; and the question for you to determine is not what you think was necessary for the defendant to have done or not done at the time he shot the deceased, but the question is what the defendant might have reasonably believed was necessary for him to do under all the circumstances acting as a reasonable person."

### Defendant's Instruction No. 9

"The defendant is not required to prove that he killed in self-defense beyond a reasonable doubt, but it is sufficient to justify a verdict of not guilty if the defense of self-defense with all other evidence in the case, creates a reasonable doubt in the mind of the jury of the defendant's guilt as charged in the indictment."

The trial court refused to give two other instructions on the issue of self-defense, which instructions are the subject of this appeal. They are as follows:

### Defendant's Instruction No. 6

"The Court instructs the jury as a matter of law, that they have a right to take into consideration all previous threats or assaults made on the defendant, if any are shown by the evidence, together with all the other evidence in the case in determining whether or not the defendant, at the time he mortally wounded the deceased, reasonably believed he was about to lose his own life or about to receive great bodily harm."

### Defendant's Instruction No. 8

"The Court instructs the jury that if they find from the evidence that the defendant was threatened by a demonstration of the deceased in such a way

as to cause the defendant to have a reasonable belief that he was actually in danger of losing his life or suffering great bodily harm, and that said defendant acted under the influence of such reasonable apprehension, he was justified in killing the deceased, even though the danger was not in fact real but was only reasonably apparent to the defendant, and the defendant was reasonably and honestly mistaken as to real danger; and you are further instructed that if you find such to be a fact, it is your duty as jurors to find the defendant not guilty."

We find the Circuit Court did not commit error when it refused the instructions set out above. From a reading of the instructions, it is clear that the instructions which were given correctly, informed the jury on the issue of self-defense, and that the refused instruction on the matter of self-defense was a repetition of the instruction which was given on this subject. It has long been the law in this state that it is unnecessary to give repetitious instructions. People v. Bakutis, 377 Ill 386, 36 NE2d 724; People v. Stevens, 11 Ill2d 21, 141 NE2d 33; People v. Cavaness, 21 Ill2d 46, 171 NE2d 56. And in regard to the instruction concerning the consideration of past threats and assaults upon the appellant Payne by the deceased, we find there was not a scintilla of evidence in the record which would have justified the giving of this instruction. While even very slight evidence upon a given theory of the case will justify the giving of an instruction, People v. Matter, 371 Ill 333, 20 NE2d 600, we repeat, that on a review of the record in this case, there was no evidence on which to base the requested instruction.

Appellants lastly contend that the trial court erred by refusing to properly instruct the jury as to the weight to be given to oral admissions which they made, which instruction is as follows:

Defendant's Instruction No. 3

"Statement of a witness as to verbal admissions of a defendant should be received by the jury with great caution, as such evidence is subject to imperfections and mistakes, and it is only when such admissions are deliberately made, that the evidence afforded by such admissions is of a satisfactory character."

 The correctness of the trial court's refusal to give an instruction identical to the one in this case was considered by the First District, Fourth Division, Illinois Appellate Court in People v. Wade, 71 Ill App2d 202, 217 NE2d 329. In that case the court held that it was not error to have refused to give this instruction. Such instruction constituted an invasion of the province of the jury in that it indicates to the jury the weight and credit which should be given to verbal admissions, and such instruction was open to being misunderstood as an opinion of the court concerning the credibility of the evidence of the appellant. We see no reason for differing from this recent opinion and hold that it was not error for the trial court to have refused to give this instruction.

After carefully considering the instructions in issue, it is our opinion that the jury was accurately and fully instructed as to the law applicable to this case and that the appellants have no just cause for complaining about those instructions which were refused by the trial court.

For the above reasons the judgment of the trial court is affirmed as to both appellants.

Judgment affirmed.

LYONS and BURKE, JJ., concur.