(No. 33046.—

WILLIAM J. CLEARY, Appellant, *vs.* CHICAGO TITLE AND TRUST COMPANY, Appellee.

*Opinion filed Sept. 23, 1954—Rehearing denied November 15, 1954.*

JOHN O'C. FITZGERALD, of Chicago, for appellant.

CHARLES F. GRIMES, CARL F. FAUST, and KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, all of Chicago, (JOSEPH B. FLEMING, THOMAS M. THOMAS, and DON H. REUBEN, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

On November 15, 1952, William J. Cleary filed a complaint against Chicago Title and Trust Company in the superior court of Cook County, alleging that in 1946 he recovered a judgment for $209,000 against defendant in the municipal court of Chicago, and that defendant has failed to pay the same. He prayed for judgment in said

amount with statutory interest thereon. Defendant filed a verified motion to dismiss the action on the ground that the municipal court judgment had been reversed by the Appellate Court without remandment. The motion was accompanied by a certified copy of the Appellate Court's opinion in that case (*Chicago Title and Trust Company* v. *Cleary,* 334 Ill. App. 397,) together with a certified copy of the final judgment entered in accordance therewith. Plaintiff then filed "objections" to the motion, in which he alleged the Appellate Court is not a valid court and its judgment is therefore a nullity. After hearing arguments of counsel the court granted defendant's motion to dismiss the action. Plaintiff appeals to this court.

Article VI, section 11, of the constitution of this State ordains in part that the appellate courts therein authorized "shall be held by such number of judges of the circuit courts * * * as may be provided by law;" and the General Assembly has provided by statute that this court "shall assign twelve of the judges of the circuit court of this state to duty in the appellate courts." (Ill. Rev. Stat. 1953, chap. 37, par. 29.) Appellant's attack on the judgment of reversal is based on the contention that the Appellate Court is not lawfully constituted because (1) its judges are appointed by this court instead of by the Governor, (2) they include superior court judges as well as circuit court judges, and (3) they take no oaths and receive no commissions, other than their oaths and commissions as circuit or superior judges.

It is unnecessary to consider appellant's arguments on the merits since, as appellee correctly points out, the Appellate Court judgment cannot be collaterally attacked in the present proceeding. The rule is well settled in this State that a collateral attack on a judgment will not be sustained unless an absence of jurisdiction to enter it appears on the face of the record (see *Steffens* v. *Steffens,* 408 Ill. 150, 153,) and that the appointment of public

officers cannot be questioned in a mere collateral proceeding. See *Golder* v. *Bessler,* 105 Ill. 419, 426.

Moreover, it does not appear that the present appellant in any way asserted the objection when the former case was brought to the Appellate Court. Instead he submitted himself to its jurisdiction. Under such circumstances he must be deemed to have waived any complaint he might have concerning the organization of the court. See *People* v. *Link,* 365 Ill. 266, 290.

Even if appellant had the right in this case to question the legality of the appointment of Appellate Court justices, his contention could not prevail. If we assume the invalidity of their appointment it would still confer a color of office, and the judgments rendered thereunder would be valid. See *Samuels* v. *Drainage Comrs.* 125 Ill. 536, 540; *People ex rel. Ballou* v. *Bangs,* 24 Ill. 184, 187.

Appellant maintains further that affidavits submitted with his objections show appellee tampered with members of the jury at the time of the trial in the municipal court; that in the public interest such alleged attempts to improperly influence the jurors, even though unsuccessful, require that appellee be deprived of any benefit from the subsequent Appellate Court judgment; and that appellant is entitled to a jury trial on the issue thus raised. It is a sufficient answer to such contention to observe that no complaint is made of fraud in the procurement of the Appellate Court judgment, the validity of which is the sole issue herein; and that it is undisputed appellant was not prejudiced by the alleged misconduct in the trial court. Appellant's arguments are so lacking in merit that further discussion is unnecessary. The judgment of the superior court is clearly correct, and will be affirmed accordingly

*Judgment affirmed.*