(Nos. 50784, 50834, 50857.—

(No. 51156.—

*In re* IRISH D. GREENE, a Minor, Appellee (The People of the State of Illinois, Appellant).—*In re* EDWARD EICHER, a Minor, Appellee (The People of the State of Illinois, Appellant).—*In re* MARVIN B. FRAZIER, a Minor, Appellant (The People of the State of Illinois, Appellee).—*In re* GORDON DYESS, a Minor, Appellant (The People of the State of Illinois, Appellee).—*In re* DARNELL MURFF, a Minor, Appellant (The People of the State of Illinois, Appellee).—*In re* MICHAEL STRICKLAND, a Minor, Appellant (The People of the State of Illinois, Appellee).

*Opinion filed May 24, 1979.*

208

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (Donald B. Mackay and Melbourne A. Noel, Jr., Assistant Attorneys General, of Chicago, and Lee T. Hettinger, Linda Dale Woloshin, James V. Marcanti, Rimas F. Cernius, and Marcia B. Orr, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (John Thomas Moran, Aaron L. Meyers, and James B. Haddad, of counsel), for appellee.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (Donald B. Mackay and Melbourne A. Noel, Jr., Assistant Attorneys General, of Chicago, and Lee T. Hettinger, Linda Dale Woloshin, James V. Marcanti, Rimas F. Cernius, and Marcia B. Orr, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (John Thomas Moran, Aaron L. Meyers, and James B. Haddad, of counsel), for appellee.

James J. Doherty, Public Defender, of Chicago (Dennis E. Urban, Frances Sowa, and Ronald P. Alwin, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (Donald B. Mackay and Melbourne A. Noel, Jr., Assistant Attorneys General, of Chicago, and Marcia B. Orr and Rimas F. Cernius, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Den-

nis E. Urban and Aaron L. Meyers, of counsel), for appellants.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (Donald B. Mackay and Melbourne A. Noel, Jr., Assistant Attorneys General, of Chicago, and Marcia B. Orr and Rimas F. Cernius, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This cause is a consolidated appeal from four appellate court decisions reviewing the findings of delinquency entered by the circuit court of Cook County, juvenile division, against six respondents. The issue concerns the nature and effect of the age factor in the definition of delinquent minors contained in the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 702—2). (Although the causes arose in 1974, 1975, and 1976, the 1977 statutes will generally be cited for unamended provisions.)

Pursuant to petitions for adjudication of wardship, filed by the State and alleging the respondents had committed specified criminal offenses prior to their 17th birthdays, all six respondents were found delinquent. The findings of delinquency were entered following adjudicatory hearings after which the court determined each respondent had violated the specified criminal law beyond a reasonable doubt: Irish Greene, voluntary manslaughter (Ill. Rev. Stat. 1973, ch. 37, par. 702—2; Ill. Rev. Stat. 1973, ch. 38, par. 9—2(a)(1)); Edward Eicher and Gordon Dyess, aggravated battery (Ill. Rev. Stat. 1975, ch. 37, par. 702—2; Ill. Rev. Stat. 1975, ch. 38, par. 12—4(a)); Marvin Frazier, assault, aggravated assault, and unlawful use of a weapon (Ill. Rev. Stat. 1975, ch. 37, par. 702—2; Ill. Rev. Stat. 1975, ch. 38, pars. 12—1(a), 12—2(a)(1), 24—1(a)(2)); Michael Strickland, rape and robbery (Ill.

Rev. Stat. 1975, ch. 37, par. 702–2; Ill. Rev. Stat. 1975, ch. 38, pars. 11–1, 18–1); Darnell Murff, armed robbery and unlawful restraint (Ill. Rev. Stat. 1975, ch. 37, par. 702–2; Ill. Rev. Stat. 1975, ch. 38, pars. 18–2, 10–3). Greene and Dyess were placed on one year's probation. Eicher, Murff, Strickland and Frazier were committed to the Illinois Department of Corrections, juvenile division.

On appeal, all six respondents challenged the adjudications of delinquency on the ground that the State had failed to prove beyond a reasonable doubt that respondents had committed the offenses on which the adjudications of delinquency were based, prior to their 17th birthdays. The Appellate Court, First District, Third Division, reversed the judgment against Greene (*In re Greene* (1978), 59 Ill. App. 3d 286), and the Appellate Court, First District, Fifth Division, reversed the judgment against Eicher (*In re Eicher* (1978), 59 Ill. App. 3d 1021) on the ground that age is an element of delinquency which the State must prove beyond a reasonable doubt. The Appellate Court, First District, First Division, remanded Frazier's cause (*In re Frazier* (1978), 60 Ill. App. 3d 119) for a determination of his age at the time he committed the offense on which the finding of delinquency was predicated on the ground that age, while not an element of delinquency, is an essential statutory fact without proof of which the trial court would have no statutory power to proceed under the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 701–1 *et seq.*). Dyess', Murff's, and Strickland's appeals had been consolidated in the Appellate Court, First District, Fourth Division, which affirmed the judgments against them on the ground that the age limitation merely confers authority on the trial court to proceed and that the issue of age is waived unless specifically raised (*In re Dyess* (1978), 62 Ill. App. 3d 571). This court allowed the State's petitions for leave to appeal from the appellate court judgments entered in favor of Eicher and Greene, allowed the petitions for leave to

appeal filed by Frazier, Dyess, Strickland, and Murff, and consolidated the appeals.

We hold that age is not an element which must be proved beyond a reasonable doubt in order to support an adjudication of delinquency. Delinquency is not a crime codified under our criminal laws. Rather, it is the commission of an otherwise unlawful act by one under 17 that triggers the application of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 701—1 *et seq.*). Age therefore is merely the factor which authorizes the application of the juvenile system. Once the State has properly alleged in the petition for adjudication of wardship that the respondent was under 17 years of age at the time of the commission of the offense which forms the basis for the petition (Ill. Rev. Stat. 1977, ch. 37, pars. 702—1, 702—2, 704—1), the authority of the court to proceed under the Juvenile Court Act has been asserted. Unless the respondent specifically challenges the authority of the court to proceed against him as a juvenile, the respondent is deemed to have consented to the juvenile proceedings and has waived any objections to the court's authority to apply juvenile procedures and to impose juvenile sanctions upon him. The burden then lies on the State to prove the respondent's guilt of the underlying offense beyond a reasonable doubt. Our conclusion is based primarily on an analysis of the Act and its purpose.

The Act establishes that its purpose is to care for and guide minors (Ill. Rev. Stat. 1977, ch. 37, par. 701—2(1); *In re Armour* (1974), 59 Ill. 2d 102, 104), and it expressly mandates that it is to be construed liberally to carry out that protective function (Ill. Rev. Stat. 1977, ch. 37, par. 701—2(4)). Thus the terms in the Act should be read to favor the inclusion, rather than the exclusion, of minors.

The specification of age in the delinquency provision of the Juvenile Court Act sets forth a class of minors whose cases are to be governed by the provisions of the

Act. The petition for adjudication of wardship must allege, and the trial court at the adjudicatory hearing must determine, that the respondent is a delinquent (Ill. Rev. Stat. 1977, ch. 37, pars. 702—1, 704—1, 704—6). Section 2—2 of the Act defines a delinquent as "any minor who prior to his 17th birthday has violated or attempted to violate, regardless of where the act occurred, any federal or state law or municipal ordinance" (Ill. Rev. Stat. 1977, ch. 37, par. 702—2). That definition sets forth "jurisdictional facts" necessary for the institution of delinquency proceedings under the Act (Ill. Rev. Stat. 1977, ch. 37, par. 702—1), and the council commentary to an amendment to section 2—2 provides that "[t]he age differentiation between boys and girls with respect to the *jurisdiction* of the juvenile court in delinquency proceedings is abolished, and the *jurisdictional* limit for both sexes is established at under 17 years of age" (emphasis added) (Ill. Ann. Stat., ch. 37, par. 702—2, Council Commentary, at 59 (Smith-Hurd Supp. 1978)).

Thus the definition refers to age not as an element of delinquency but as a quasi-jurisdictional factor, the presence of which confers authority on the court to proceed under the Juvenile Court Act. It delineates the group encompassed by the category of delinquency as do other age designations for other classifications under the Act (Ill. Rev. Stat. 1977, ch. 37, pars. 701—13 (minors), 702—3 (minors otherwise in need of supervision), 702—4 (neglected minors), 702—5 (dependent minors)).

It is manifest, however, that the age factor in the definition of delinquency is not, technically, a jurisdictional requirement since the juvenile court is simply a division of the circuit court (Ill. Rev. Stat. 1977, ch. 37, par. 701—8; *People v. Jiles* (1969), 43 Ill. 2d 145, 147) which, under article VI, section 9, of the Illinois Constitution of 1970, has jurisdiction of all justiciable matters except in two specified instances in which the supreme

court has original and exclusive jurisdiction. Thus establishment of age, unlike the subject matter jurisdiction of a court (see *People v. Reed* (1965), 33 Ill. 2d 535, 538-39; *People v. Link* (1937), 365 Ill. 266, 290; *People v. Gregory* (1974), 59 Ill. 2d 111, 112), is a matter which can be waived. The State's failure to establish age is analogous to prosecuting a defendant in the wrong county or to proceeding before a court that is improperly organized, objections to which can be waived (Ill. Rev. Stat. 1977, ch. 38, par. 1—6(a) (place of trial); *People v. Ondrey* (1976), 65 Ill. 2d 360, 363-64 (place of trial); *People v. Dunn* (1972), 52 Ill. 2d 400, 402 (place of trial); *Cleary v. Chicago Title & Trust Co.* (1954), 4 Ill. 2d 57, 59 (organization); *People v. Link* (1937), 365 Ill. 266, 290 (organization)).

The situation of a respondent who remains silent about his age while proceeding to defend himself against an adjudication of delinquency under the Juvenile Court Act finds further analogy in cases which hold that a juvenile who wilfully misrepresents his age to an adult criminal court waives the statutory procedures which inure to juveniles accused of criminal offenses (Ill. Rev. Stat. 1977, ch. 37, par. 702—7; *People v. Henderson* (1971), 2 Ill. App. 3d 285, 288; *People v. Hall* (1977), 55 Ill. App. 3d 341, 343; see *People v. Smith* (1974), 59 Ill. 2d 236, 240-41). In both instances the juvenile submits to the authority of the court before which he is tried. In the former case, however, the respondent is accorded the benefits which the latter has abandoned through his misrepresentations. *Cf. People v. Poole* (1918), 284 Ill. 39, 41, and *Sullivan v. People* (1895), 156 Ill. 94, 97, holding under a statute then in effect that despite the statutory mandate that the jury find whether a defendant is between the ages of 10 and 21, it is presumed that the defendant is over 21 unless evidence is introduced to the contrary.

Section 4—6 of the Act provides that the standard of

proof and rules of evidence in the nature of criminal proceedings are applicable to the determination of delinquency (Ill. Rev. Stat. 1977, ch. 37, par. 704—6). However, the Act's purpose and logic indicate that this requirement attaches to the elements of the offense which form the basis for the delinquency proceeding, since it is not the age of the offender which is analogous to a crime but his conduct (see *In re Urbasek* (1967), 38 Ill. 2d 535, 540, holding that the acts of delinquency must be proved beyond a reasonable doubt). Furthermore, if age were an element which the State had to prove beyond a reasonable doubt, the potential difficulty in obtaining the testimony of a parent, a birth certificate, or an admission by the respondent, which would be sufficient to prove age, could defeat the protective purposes of the Act by rendering it difficult for the State to invoke its protections for the benefit of minor respondents.

Since age is not an element which the State must prove, the general denials to the petitions for adjudication of wardship entered by the respondents here did not place in issue respondents' ages and the court's authority to proceed. The denials merely required the State to prove the elements of its case beyond a reasonable doubt (Ill. Rev. Stat. 1977, ch. 37, pars. 704—8, 704—6). Contrary to the respondents' contentions, to require the respondent to specifically challenge the court's authority to treat him as a juvenile once the State has invoked juvenile proceedings does not transform age into an affirmative defense without express authorization by the General Assembly (see *People v. Smith* (1978), 71 Ill. 2d 95, 106). The sole contention a respondent is called upon to raise is that he is being tried in the wrong courtroom. No defense to responsibility for any offense is at issue.

Our analysis of the Act and our disposition of these cases serve the protective purpose and policy of the Juvenile Court Act to care for and guide minors (Ill. Rev.

Stat. 1977, ch. 37, par. 701—2(1)). They also serve the interest of minors in avoiding the stigma of a criminal prosecution and in receiving the benefits the Act intends to direct toward juvenile as opposed to adult offenders (see *In re Beasley* (1977), 66 Ill. 2d 385, 390 (juvenile proceedings are not criminal in nature); *In re Armour* (1974), 59 Ill. 2d 102, 104 (the purpose of the juvenile court statute is not to punish, but to correct); *People v. Gooden* (1977), 56 Ill. App. 3d 408, 412 (noting that waiver of juvenile procedure exposes the juvenile to severe punishment, including detention beyond his 21st birthday, to publicity, to a public arrest record, to prejudice in future employment, and, if he is convicted in a criminal prosecution, to loss of civil rights, to use of his conviction against him in subsequent proceedings, and to disqualification from public employment). Should a juvenile respondent feel he will derive more favorable treatment from adult proceedings, the Act itself provides a mechanism for transfer of causes to the adult criminal system upon motion of the respondent, with consent of counsel (Ill. Rev. Stat. 1977, ch. 37, par. 702—7(5)). Thus a respondent who was under 17 at the time he committed the underlying offense receives no premium ' for remaining silent during the adjudicatory hearing. The risk of incorrectly trying an adult as a juvenile is mitigated by the State's interest in properly trying an adult in the adult, versus the juvenile, system; that interest is supported by the nonpunitive nature and purposes of juvenile proceedings (*In re Beasley* (1977), 66 Ill. 2d 385, 390; *In re Armour* (1974), 59 Ill. 2d 102, 104).

The respondents argue that the statutory language is clear and thus precludes any judicial construction of the Juvenile Court Act to determine the meaning of the age factor in the delinquency provisions. However, the varying analyses and conclusions in the appellate court opinions reveal the apparent ambiguity which requires this court to

examine the statutory language and purposes, as well as the consequences which would derive from alternate constructions of the age factor, to determine the legislative intent in including the age provision (see *In re Armour* (1974), 59 Ill. 2d 102, 104).

The Ohio case on which respondents place great reliance is inapposite since the Ohio juvenile court, unlike circuit courts in Illinois hearing juvenile cases, was a statutory court of limited jurisdiction, and the State had to show age in order to establish technical jurisdiction of the court over the alleged delinquent; the court in *State v. Mendenhall* (1969), 21 Ohio App. 2d 135, 255 N.E.2d 307, therefore set aside the judgment and sentence and dismissed the complaint since the State had not established age. The same basis for distinction applies to the line of Texas cases the respondents cite (see, *e.g., Miguel v. State* (Tex. Civ. App. 1973), 500 S.W.2d 680, 681, and *In re J. T.* (Tex. Civ. App. 1975), 526 S.W.2d 646, reversing and remanding for evidence of age).

Respondents Eicher and Greene further argue that this court cannot and should not consider the State's contention that they waived any objection to the authority of the court to apply the Juvenile Court Act since that argument was not raised in the petition for leave to appeal filed in their cases and since the State did not file a petition for leave to appeal from the judgment of the appellate court in Frazier's case. Our rules provide, however, that a reviewing court may give any judgment which ought to have been given or which the case may require (58 Ill. 2d R. 366(5)). All six respondents raised the same issue on appeal to the appellate court, and the arguments raised by the State pose only possible resolutions of those same issues. Our rules further provide that any appellee may seek and obtain any relief warranted by the record on appeal without filing a separate petition for leave to appeal, notice of cross-appeal or separate appeal (58 Ill. 2d R. 318(a)).

In sum, while it is advisable for the State to establish a respondent's age at the adjudicatory stage to avoid any possibility of an improper application of juvenile procedures, age is not an element of delinquency but is a factor which triggers the application of the Juvenile Court Act to young offenders. If the respondent does not challenge the authority of the court to proceed under the provisions of the Act, the respondent has consented to the court's authority and has waived any objection to his treatment as a juvenile. Since none of the respondents challenged the authority of the circuit court, juvenile division, to proceed, we hold that the petitions for adjudication of wardship and findings of delinquency should have been affirmed.

The judgments rendered by the appellate court in favor of respondents Eicher and Greene, in cause Nos. 50784 and 50834, are reversed, and the adjudications of delinquency entered by the circuit court are affirmed. The judgment rendered by the appellate court in cause No. 50857 remanding the cause to determine Frazier's age is reversed, and the finding of delinquency entered by the circuit court is affirmed. The judgment of the appellate court in cause No. 51156 affirming the findings of delinquency against Dyess, Murff and Strickland is affirmed.

> 50784 — *Appellate court reversed; circuit court affirmed.*
> 50834 — *Appellate court reversed; circuit court affirmed.*
> 50857 — *Appellate court reversed; circuit court affirmed.*
> 51156 — *Judgment affirmed.*