OPINION OF THE COURT
Stanley Gartenstein, J.
Defendant, who was previously “convicted” in the Family Court of New York County on the very same charges he now faces in this court, moves to dismiss the information herein on double jeopardy grounds The within prosecution was commenced upon rearrest when, during a predispositional investigation following “conviction” in the Family Court (viz., fact finding within the meaning of Family Ct Act § 301.2 [6]), it was learned that he was over that court’s jurisdictional age of 16 at the time the acts in question were allegedly committed.
The double jeopardy provisions of US Constitution, 5th Amendment, and cases decided thereunder within this jurisdiction constituting further decisional limitations on this State’s right to reprosecute a defendant have been codified in CPL 40.30. Subdivision 2 (a) thereof reads as follows:
“2. Despite the occurrence of proceedings specified in subdivision one, a person is not deemed to have been prosecuted for an offense, within the meaning of section 40.20, when:
“(a) Such prosecution occurred in a court which lacked jurisdiction over the defendant or the offense; or”.
*189 This statutory exemption from double jeopardy strictures when the first prosecutorial forum possessed no jurisdiction has substantial constitutional roots. (Cf. Ashe v Swenson, 397 US 436, 453, n 7 [concurring opn of Brennan, J.]; People ex rel. Meyer v Warden, 269 NY 426; People v Shaw, 38 Misc 2d 439; People v Taylor, 66 Misc 2d 1058.) It having been stipulated that defendant was over 16 at the time the acts in question were allegedly committed, the Family Court was without jurisdiction to try him (Family Ct Act § 301.2). The defense urges however that the burden of establishing age in a delinquency proceeding as an element of the Family Court’s jurisdiction rests upon the State; that having failed to meet this burden in the previous proceeding, the People did in fact fail to meet their burden-in-chief on the entire case and are thus foreclosed from again placing defendant in jeopardy in this court. This argument might have carried greater validity under the predecessor jurisdictional statute (Family Ct Act § 713) which, at first blush, did in fact define a juvenile delinquent in terms of certain elements as follows: (a) commission of an act which, if committed by an adult, would constitute a crime; (b) requiring supervision, treatment or confinement; (c) being more than 7 and less than 16. Nevertheless, even under the old statute this three-fold statutory definition was held not to confer an additional burden of proof concerning age upon the prosecution, but to limit this burden by requiring only that the People “demonstrate beyond a reasonable doubt that respondent did the act or acts alleged” (Matter of Donald F., 97 AD2d 980). Thus, there was no failure of proof on the People’s part even under the predecessor statute. It is to be noted parenthetically that the transfer of the old section 713 to the new article 3 does not carry over this definition and its terms can in no way support the construction thereof which the defense urges upon us.
It is settled further that a claim of double jeopardy will not lie where the first trial or proceeding was aborted by a cause directly attributable to the defendant. (People v Paquette, 31 NY2d 379.) Accordingly, retrial of this defendant can in no event be barred by circumstances directly attributable to his own act of misrepresenting his age, an act which, standing alone, constitutes an independent prima facie crime (Penal Law § 205.50 [4]).
The motion to dismiss is denied.