## COMMONWEALTH vs. A JUVENILE.

No. 88-P-722.

Worcester. January 17, 1989. — March 1, 1989.

Present: DREBEN, WARNER, & FINE, JJ.

*Jurisdiction,* Juvenile. *Juvenile Court,* Jurisdiction. *Assault by Means of a Dangerous Weapon.*

Where the defendant in a Juvenile Court proceeding made no claim that he was not a juvenile, the adjudication of delinquency was not subject to challenge on the ground that evidence of age had not been produced by the Commonwealth, and no specific finding by the judge or by the jury as to age was necessary. [79-81]

An adjudication of delinquency, erroneously treating assault by means of a dangerous weapon as a lesser-included offense of assault with intent to rob, was to be modified so as to adjudge the defendant delinquent by reason of simple assault. [81]

COMPLAINT received and sworn to in the Worcester Division of the Juvenile Court Department on August 16, 1985.

The case was tried before *Anthony N. Tomasiello,* J., sitting under statutory authority.

The case was submitted on briefs.

*Brownlow M. Speer,* Committee for Public Counsel Services, for the defendant.

*John J. Conte,* District Attorney, & *Lynn Morrill Turcotte,* Assistant District Attorney, for the Commonwealth.

DREBEN, J. The primary question before us is whether John Jarvis [1] could properly be adjudicated a delinquent child without the Commonwealth's proving to the jury that Jarvis was between the ages of seven and seventeen. [2] The record does not

_____

[1] A fictitious name.

[2] General Laws c. 119, § 52, as appearing in St. 1960, c. 353, § 1, defines a "[d]elinquent child" as "a child between seven and seventeen who

include a transcript, and the case is before us on a stipulation and findings of the trial judge pursuant to Mass.R.A.P. 8(d) and (e), 378 Mass. 934 (1979).

The findings set forth the following facts. No affirmative evidence was introduced at trial to show that Jarvis was a juvenile. His counsel, at the close of the Commonwealth's case, moved for a required finding of not guilty on the ground that there was insufficient evidence to find his client delinquent. He never proffered as a basis for the motion that the Commonwealth had omitted to prove that his client was a juvenile, and the motion was denied after a hearing. The judge in his instructions to the jury included the following from District Court Model Jury Instruction 5:63 (issued April, 1979):

> "In order to find [John Jarvis] delinquent, the Commonwealth must prove the following beyond a reasonable doubt:
> "First: That he is between the age of seven and seventeen;
> "Second: That he committed [an offense against the Commonwealth]."
> "In order to find that he [committed an offense against the Commonwealth], the Commonwealth must prove all the elements of that offense beyond a reasonable doubt. . . ."

1. Jarvis does not argue that he was not between the ages of seven and seventeen or that the Worcester Juvenile Court did not, in fact, have jurisdiction. Rather, he claims, his age is a "jurisdictional fact" which must be proved to the jury in the Juvenile Court, a court of limited jurisdiction.[3]

---

violates any city ordinance or town by-law or who commits any offence against a law of the commonwealth."

In this case, a jury adjudged the defendant delinquent by reason of having committed an assault with a dangerous weapon. See, however, part 2 of this opinion.

[3] He cites a few cases from other jurisdictions. While there are some which require the prosecution to prove age, e.g., *Matter of Kalvin,* 99 Misc.

We reject that contention. As Jarvis acknowledges, the age of a juvenile is not an element of the offense of delinquency.[4] See *In re Greene*, 76 Ill.2d 204, 212, 215 (1979); *United States* v. *Frasquillo-Zomosa*, 626 F.2d 99, 101 (9th Cir.), cert. denied, 449 U.S. 987 (1980). See also *In re Lewis*, 386 So.2d 1079, 1087 (La. Ct. App. 1980). It is the juvenile's conduct and not his age which constitutes the offense. See *Greene*, *supra* at 215. Age is a condition which entitles him to treatment deemed by the Legislature less onerous than that accorded to an adult under the criminal law.

Age is also a matter usually within the juvenile's knowledge. In this case an exact date of birth appears on the complaint. Where, as here, the delinquent made no claim either in the trial court or in this court that he was not in fact between the ages alleged in the complaint, he may not challenge the adjudication of delinquency on the ground that the Commonwealth has not proved age.

This conclusion accords with the "clear legislative intent to give a broad application to the specialized juvenile offender procedure." *Metcalf* v. *Commonwealth*, 338 Mass. 648, 652 (1959). To require specific proof of age might needlessly make it difficult for the Commonwealth to invoke the protection of the act for the benefit of minors and might delay, if not defeat, its protective purpose. See *Frasquillo-Zomosa*, 626 F.2d at 102; *Greene*, 76 Ill.2d at 215 (State may have difficulty obtaining proof such as the testimony of a parent, a birth certificate,

2d 996, 1000 (N.Y. Fam. Ct. 1979); *State* v. *Mendenhall*, 21 Ohio App. 2d 135, 136 (11th Dist. 1969); *Miguel* v. *State*, 500 S.W.2d 680, 681 (Tex. Civ. App. 1973); *In re J.T.*, 526 S.W.2d 646, 647-648 (Tex. Civ. App. 1975); cf. *Matter of Smith*, 108 Misc.2d 1063, 1065 (N.Y. Fam. Ct. 1981), other cases take a contrary position. In addition to cases cited in the text of the opinion, see, e.g., *Matter of Donald F.*, 97 A.D.2d 980 (N.Y. 1983); *People* v. *Haynes*, 127 Misc.2d 188, 189 (N.Y. Crim. Ct. 1985); *In re Fudge*, 59 Ohio App. 2d 129, 132 (2nd Dist. 1977).

[4] Jarvis in his brief to this court concedes that "it seems settled" that the age of the juvenile is not an element of the offense of delinquency which the Commonwealth must prove. If, however, as he argues, the prosecution must prove to a jury beyond a reasonable doubt that he is between the ages of seven and seventeen, there is no difference, except in label, between proving an element and proving what Jarvis terms a jurisdictional fact.

or an admission by the alleged delinquent). We thus hold that when no claim is made that the alleged delinquent is not a juvenile, evidence of age need not be produced by the Commonwealth,[5] and no specific finding by the judge or by the jury as to age is necessary.[6]

2. The defendant was found delinquent by reason of assault with a dangerous weapon. The complaint charged that Jarvis "being armed with a dangerous weapon did assault one John Woods with intent to rob or murder him." The Commonwealth concedes that assault with a dangerous weapon is not a lesser included offense of the charge of assault with intent to rob. The former requires use of a weapon, *Commonwealth* v. *Burkett*, 5 Mass. App. Ct. 901, 903 (1977), the latter does not. *Commonwealth* v. *Williams*, 312 Mass. 553, 555 (1942). See also *Commonwealth* v. *Connors*, 13 Mass. App. Ct. 1005, 1007 (1982). The verdict must therefore be reduced to delinquent by reason of simple assault.

The judgment is to be modified so as to adjudge Jarvis delinquent by reason of simple assault and as so modified is affirmed. The trial judge shall review the disposition made in light of this modification. If the juvenile has been committed to the Department of Youth Services, that department shall be informed in writing of this decision by a clerk of the Juvenile Court.

*So ordered.*

---

[5] There is little likelihood of improper application of juvenile procedures under the statutory scheme of G. L. c. 119. The provisions call for the complaint to allege that the juvenile is between the ages of seven and seventeen (G. L. c. 119, § 54), and require the issuance of a summons to at least one of his or her parents (G. L. c. 119, § 55), so as to give such parent the opportunity to explain why the child should not be adjudged a delinquent prior to the adjudicatory hearing. See *Robinson* v. *Commonwealth,* 242 Mass. 401, 403 (1922).

[6] As indicated earlier, the jury were instructed that, for a finding of delinquency, they were required to find age. This was an erroneous instruction and should not have been given. The error is of no consequence in this case. The model instruction should be amended to conform to this opinion.