THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. YUNG S. KIM, Defendant-Appellant.

Second District   No. 2—95—1177

Opinion filed November 15, 1996.

George P. Lynch, of Downers Grove, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton, and James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Michael M. Glick, Assistant Attorney General, of counsel), for the People.

PRESIDING JUSTICE McLAREN delivered the opinion of the court:

Defendant, Yung S. Kim, brings this interlocutory appeal (145 Ill. 2d R. 604(f)) from the circuit court's denial of his motion to dismiss, on the basis of former jeopardy, the multiple-count indictment against him for filing fraudulent retailer's occupation tax returns (35 ILCS 120/13 (West 1992)). Defendant claims that the State's criminal prosecution against him is barred on double jeopardy grounds because, in February 1994, the State also issued against him a civil tax assessment and 10-day demand for payment of taxes in the amount of $306,200.90. Of this amount, $123,129.90 is for penalties and interest. (The penalty amounts to $54,921, and the interest amounts to $68,208.90.) He contends that he has been previously "punished" since the demand is a "final" notice for payment and, should the defendant refuse to make payment within 10 days, the

State may take execution upon the assessment or take other actions including, *inter alia*, the garnishment of his wages, the filing of a tax lien against his property, the seizure and sale of his assets, the revocation of various licenses, and the nonrenewal of his corporate charter. We affirm and remand for further proceedings.

The State has maintained both here and in the trial court that the purportedly "final" assessment does not amount to a criminal punishment for double jeopardy purposes, because the State has not yet made any attempt to enforce the tax against defendant or have a judgment entered against him, and defendant has not yet paid any tax. The State points out that defendant did not avail himself of the statutory procedures to protest the tax assessment or request a hearing or obtain judicial review. See 35 ILCS 120/4, 5 (West 1992); 735 ILCS 5/3—101 (West 1992). In sum, the State argues that no jeopardy has yet attached and the tax assessment does not constitute "punishment" for double jeopardy purposes. We find merit in the State's position.

## I. NO JEOPARDY ATTACHED

■ The constitutional protections against double jeopardy are designed to protect against three distinct abuses by government: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense when sought in separate proceedings. *People v. Krizek*, 271 Ill. App. 3d 533, 536 (1995). The bar against multiple punishments is the subject of the present appeal. It is obvious that there can be no double jeopardy without a former jeopardy. *People v. Delatorre*, 279 Ill. App. 3d 1014, 1019 (1996).

■ Here, although the threat of punishment may be said to exist in the form of a final assessment and demand, no punishment has in fact been imposed. For example, in a civil *in rem* forfeiture proceeding, the initial seizure of a defendant's property, where there is no final judgment of forfeiture, does not constitute punishment for double jeopardy purposes. See *Krizek*, 271 Ill. App. 3d at 537, quoting *United States v. Stanwood*, 872 F. Supp. 791, 799 (D. Or. 1994) (" 'Common sense compels the conclusion that punishment occurs when meted out by the court, not before' ").

We recognize that a tax proceeding is not quite analogous to a civil *in rem* forfeiture proceeding. However, the principle that a punishment must in fact be imposed in order for jeopardy to attach is the same in each instance when the question of multiple punishments is considered. This is so particularly where, as here, the defendant still has the opportunity to challenge the tax in a civil proceed-

ing and no final judgment has been entered. Despite defendant's attempt to characterize the final notice of assessment and demand for payment as a punishment, we do not believe this notice has sufficient indicia of finality to qualify as a former jeopardy based on a theory of multiple punishments—particularly where defendant has not appeared in the administrative proceedings, no exaction or sanction has yet been imposed, and defendant still has the opportunity to challenge the tax and the penalties.

## II. TAX ASSESSMENT WAS NOT CRIMINAL PUNISHMENT

■ In attempting to characterize the tax assessment as a criminal punishment, defendant's reliance on *Wilson v. Department of Revenue*, 169 Ill. 2d 306 (1996), is misplaced. That case is readily distinguishable. Following the analysis of *Department of Revenue v. Kurth Ranch*, 511 U.S. 767, 128 L. Ed. 2d 767, 114 S. Ct. 1937 (1994), our state supreme court in *Wilson* concluded that a large tax imposed on an alleged "dealer" of contraband drugs violated the constitutional protection against double jeopardy because of the tax's obvious punitive aspects and because it was conditioned on the commission of a crime. In that case, the defendant pleaded guilty to the criminal charges and was sentenced. He also filed a protest in the tax proceeding after he received a notice of assessment and intent to seize his assets. When the Department of Revenue proceeded to levy on his property without affording him the hearing he had requested, Wilson commenced an action for declaratory and injunctive relief on the basis that the tax could not be enforced against him because he had *already been prosecuted and sentenced on the criminal charges*. *Wilson*, 169 Ill. 2d at 308-09. It is clear that, in *Wilson*, the defendant had already been punished once by the imposition of the criminal sentence. The tax could not be enforced because of its unmistakable punitive characteristics under the *Kurth Ranch* analysis. *Wilson*, 169 Ill. 2d at 317. As we shall explain, those punitive characteristics are not present here.

In *Kurth Ranch*, the Supreme Court concluded that a Montana tax imposed on the defendants for the possession of illegal drugs after the state imposed a criminal penalty on the defendants amounted to a successive punishment in violation of the constitutional protection against double jeopardy. In determining whether the tax could be fairly characterized as punitive rather than as remedial, the Court first observed that "neither a high rate of taxation nor an obvious deterrent purpose automatically marks [a] tax as a form of punishment." 511 U.S. at 780, 128 L. Ed. 2d at 779, 114 S. Ct. at 1946; see *People v. Dvorak*, 276 Ill. App. 3d 544, 548 (1995). In *Dvorak*, we summarized the factors leading to this conclusion as follows:

"Among the features the Court found unusual were these: (1) the tax was conditioned on the commission of a crime; (2) it was exacted only after the taxpayer had been arrested for the conduct which gave rise to the tax obligation and had paid all related State or Federal fines and all forfeitures had been satisfied; and (3) the tax was levied on goods that the taxpayer neither owned nor possessed when the tax was imposed (because presumably the contraband was destroyed by the State) so that it had 'an unmistakable punitive character.' (511 U.S. at 783, 128 L. Ed. 2d at 781, 114 S. Ct. at 1947-48.) The Court explained: 'Taken as a whole, this drug tax is a concoction of anomalies, too far-removed in crucial respects from a standard tax assessment to escape characterization as punishment for the purpose of Double Jeopardy analysis.' (*Kurth Ranch*, 511 U.S. at 783, 128 L. Ed. 2d at 781, 114 S. Ct. at 1948.)" *Dvorak*, 276 Ill. App. 3d at 548-49.

The Supreme Court also concluded that, because the tax was fairly characterized as punishment rather than as a remedial civil sanction, any such punishment would have to be imposed in the first criminal prosecution or not at all, and Montana's proceeding to collect the tax was the functional equivalent of a successive criminal prosecution that placed the defendants in jeopardy a second time for the same offense. 511 U.S. at 783-84, 128 L. Ed. 2d at 781-82, 114 S. Ct. at 1948.

Here, the tax and the resulting sanctions for the failure to pay the tax, in a timely manner and in accordance with the statutory revenue provisions, do not amount to a *criminal* punishment for double jeopardy purposes. Rather, the tax has a legitimate revenue-raising purpose which defendant has not disputed, and the penalties and interest serve to compensate the State for its revenue-collection efforts. The civil penalties result from defendant's attempts to avoid paying the tax when due. The penalties are civil and remedial in nature even though they have an obvious deterrent effect in discouraging evasive tactics by taxpayers—and even though, in this case, they may arise from allegedly fraudulent conduct.

In *Helvering v. Mitchell*, 303 U.S. 391, 82 L. Ed. 917, 58 S. Ct. 630 (1938), the Supreme Court held that a 50% civil tax penalty ("addition") imposed on defendant for filing a fraudulent tax return served only a remedial purpose and did not violate the protection against double jeopardy where the defendant had also been acquitted in a criminal prosecution for willful tax evasion. The Court viewed the civil sanction as a remedial safeguard to protect revenue and to reimburse the government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. The Court noted that the Congress may impose both a criminal and a civil sanction with re-

642

spect to the same act or omission. 303 U.S. at 399-401, 82 L. Ed. at 922, 58 S. Ct. at 633-34.

*Helvering* remains good law, and we adhere to the rule established there. See *United States v. Alt*, 83 F.3d 779 (6th Cir. 1996) (explaining the Court's implicit approval of *Helvering* in the recent cases of *Kurth Ranch* and *United States v. Halper*, 490 U.S. 435, 104 L. Ed. 2d 487, 109 S. Ct. 1892 (1989); court held that tax penalty of 81% for fraud, understatement, and negligence was not punishment for double jeopardy purposes); *United States v. Brennick*, 908 F. Supp. 1004 (D. Mass. 1995) (23% tax penalty for failure to truthfully account for and pay federal income taxes was not punishment for double jeopardy purposes). The penalties and interest here are not so grossly disproportionate that they amount to the additional criminal punishments which the Court found violative of double jeopardy protection in *Halper* and *Kurth Ranch*. As in *Helvering*, the penalties and interest here are remedial and are reasonably related to compensating the government, in the form of liquidated damages, for its tax collection and enforcement activities.

The order of the circuit court of Du Page County denying defendant's motion to dismiss the criminal prosecution is therefore affirmed, and the cause is remanded for further proceedings.

Affirmed and remanded.

BOWMAN and THOMAS, JJ., concur.