Nos. 2--04--0312 & 2--05--0454 cons.          Filed: 8-7-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| In re GILBERTO G.-P., | ) | Appeal from the Circuit Court |
| | ) | of Boone County. |
| A Minor | ) | |
| | ) | No. 03--JD--44 |
| | ) | |
| (The People of the State of Illinois, | ) | Honorable |
| Petitioner-Appellee, v. Gilberto G.-P., | ) | J. Edward Prochaska, |
| Respondent-Appellant). | ) | Judge, Presiding. |

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE | ) | Appeal from the Circuit Court |
| OF ILLINOIS, | ) | of Boone County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No.  04--CF--100 |
| | ) | |
| GILBERTO G.-P., | ) | Honorable |
| | ) | Gerald F. Grubb, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the opinion of the court:

In these consolidated appeals, respondent/defendant, Gilberto G.-P. (defendant), appeals from the trial court's orders dismissing a petition for wardship brought against him and denying his motion to dismiss a bill of indictment.  We affirm.

On August 14, 2003, the State filed a petition for wardship, alleging that defendant was a delinquent minor in that he committed the offense of armed robbery (720 ILCS 5/18--2(a)(2) (West 2002)).

According to the petition, on August 8, 2003, defendant,

"while carrying a firearm on his person, intentionally took property, being one black bi-fold wallet containing $60.00 United States Currency, from the person of Craig M. Garbe, by threatening the imminent use of force."

The State also alleged that defendant was born on January 31, 1987, thereby alleging that defendant was 16 years old on the date of the occurrence.

On January 16, 2004, defendant admitted the allegations in the petition and was willing to "concede" commitment to the Department of Corrections. The case was continued to February 2 for the creation of a social history and for a dispositional hearing. Defendant remained in custody, held by warrants in this case and in a felony case in Winnebago County. The case was continued several times for disposition, as the trial court stated that "[i]t seems to me I don't have jurisdiction to proceed further." On March 8, 2004, the trial court dismissed the petition for wardship, finding that the petition had failed to invoke the jurisdiction of the juvenile court. The State was given leave to file an information charging defendant in criminal court. Defendant's motion to reconsider was denied. A notice of appeal was filed on March 30, 2004.

On April 12, 2004, the State filed an information charging defendant with armed robbery, based on the same factual allegations, and it received an indictment on February 4, 2005. Defendant filed a motion to dismiss the bill of indictment, arguing that the trial court "has lost jurisdiction pending the outcome" of the appeal arising out of juvenile court and that the felony charge in No. 04--CF--100 was barred by the double-jeopardy clause of the United States Constitution. The trial court denied the motion, and defendant filed a notice of appeal. On defendant's motion, this court consolidated the appeals in both cases.

Defendant now contends that his admission to the allegations of armed robbery in the juvenile petition for wardship, and the trial court's acceptance of the admission, bar his prosecution under the indictment for the same offense. Generally, this court utilizes an abuse of discretion standard in reviewing a trial court's ultimate ruling on a motion to dismiss charges on double-jeopardy grounds. People v. Brener, 357 Ill. App. 3d 868, 870 (2005). However, where, as here, neither the facts nor the credibility of witnesses is at issue, we address a purely legal question, and our standard of review is de novo. See Brener, 357 Ill. App. 3d at 870.

The constitutional protections against double jeopardy (U.S. Const., amends. V, XIV; Ill. Const. 1970, art. I, §10) are designed to protect against three distinct governmental abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense when sought in separate proceedings. People v. Kim, 284 Ill. App. 3d 637, 639 (1996). Section 3--4 of the Criminal Code of 1961 (Code) also bars prosecution where, among other things, a defendant was formerly prosecuted for the same offense, based upon the same facts, and a plea of guilty was already accepted by the court. See 720 ILCS 5/3--4(a)(3) (West 2002). However, section 3--4(d)(1) of the Code provides that a prosecution is not barred within the meaning of section 3--4 if the former prosecution "[w]as before a court which lacked jurisdiction over the defendant or the offense." 720 ILCS 5/3--4(d)(1) (West 2002). Such is the case here, and, for this reason, we affirm the dismissal of the juvenile petition and affirm the trial court's denial of defendant's motion to dismiss the bill of indictment.

Subject matter jurisdiction refers to the power of a court to address and resolve the general question involved in a case, including the power to grant the particular relief requested. In re O.H., 329 Ill. App. 3d 254, 258 (2002). Our legislature may define a justiciable matter in such a way as to

preclude or limit the authority of the circuit court. <u>O.H.</u>, 329 Ill. App. 3d at 258. When a court's power to act is controlled by statute, the court is governed by the rules of limited jurisdiction, and any court exercising jurisdiction over such matters must proceed within the strictures set forth in the statute. <u>O.H.</u>, 329 Ill. App. 3d at 258. Juvenile court proceedings qualify as special statutory proceedings, and the scope and application of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1--1 <u>et seq.</u> (West 2002)) are defined solely by the legislature. <u>O.H.</u>, 329 Ill. App. 3d at 258. "When a court exercises its authority over a minor pursuant to the Juvenile Court Act of 1987, as the court did here in entertaining the State's transfer petition, it must proceed within the confines of that law and has no authority to act except as the law provides. See <u>People v. Jaime P.</u>, 223 Ill. 2d 526, 540 (2006)." <u>People v. Brown</u>, 225 Ill. 2d 188, 199 (2007).

The special concurrence cites to three civil cases and opines that they are at odds with the proposition that the legislature may statutorily preclude or limit the authority of the circuit court. That may be true, but we believe that the supreme court's more recent decision in <u>Brown</u>, specifically regarding the Act, is controlling in this case. The special concurrence does an admirable job of discussing the apparent distinction between civil and criminal proceedings, similar to the dissent in <u>People v. Trimarco</u>, by applying context rather than labels. See <u>People v. Trimarco</u>, 364 Ill. App. 3d 549, 557 (2006) (McLaren, J., dissenting) ("asking whether a probation revocation proceeding can be a civil proceeding or a criminal proceeding or <u>both</u>, depending upon the operative facts involved" (emphasis in original)). Nevertheless, we do not believe that further discussion is necessary or enlightening. As is implicit in Justice Freeman's dissent in <u>People ex rel. Graf v. Village of Lake Bluff</u>, the change in the concept of subject matter jurisdiction embodied in the new judicial article adopted in the 1970 constitution does not differentiate between civil and criminal subject matter jurisdiction.

See People ex rel. Graf v. Village of Lake Bluff, 206 Ill. 2d 541, 565 (2003) (Freeman, J., dissenting); see also Ill. Const. 1970, art. VI, §9.

Section 5--130 of the Act excludes certain criminal actions from prosecution under the Act and provides that such actions "shall be prosecuted under the criminal laws of this State." 705 ILCS 405/5--130(1)(a) (West 2002). Among the situations in which "[t]he definition of delinquent minor under Section 5--120 of this Article shall not apply" is that in which a minor who is at least 15 years old is charged with "armed robbery when the armed robbery was committed with a firearm." (Emphasis added.) 705 ILCS 405/5--130(1)(a) (West 2002). Thus, the legislature specifically denied juvenile court jurisdiction over defendant for the charge brought against him. The trial court had no authority to accept defendant's admission or to enter a dispositional order against him, nor did it have the authority to commit him to the Department of Corrections, as defendant "conceded." Further, the court could not grant the relief sought by the State in the wardship petition; defendant could not, pursuant to the Act, be found to be a delinquent minor.

Defendant makes general arguments regarding the circuit court's original jurisdiction pursuant to section 9 of article VI of the Illinois Constitution (Ill. Const. 1970, art. VI, §9) and the procedural, rather than jurisdictional, nature of age. See, e.g., People v. P.H., 145 Ill. 2d 209, 221-22 (1991). However, defendant never addresses the specific statutory exclusion of jurisdiction contained in the Act.

In light of the statutory exclusion of jurisdiction, it is clear that the juvenile court did not have jurisdiction over defendant on the wardship petition; therefore, the judgment of the court in case No. 03--JD--44 dismissing the wardship petition is affirmed. As the actions of the court and the parties in the juvenile proceedings prior to the dismissal of the petition amounted to a nullity, there was no

Nos. 2--04--0312 & 2--05--0454 cons.

prior jeopardy, and the judgment of the court in case No. 04--CF--100 denying defendant's motion to dismiss the indictment is affirmed.

Affirmed.

BYRNE, J., concurs.

PRESIDING JUSTICE GROMETER, specially concurring:

I agree with the result to which the majority comes. I write separately to address an apparent inconsistency between this case and certain recent supreme court cases. The majority accepts the State's argument that double jeopardy is no bar to defendant's prosecution, because the circuit court did not have jurisdiction under the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1--1 et seq. (West 2002)) to accept his admission. I agree with this proposition; however, I find the majority's reliance on In re O.H., 329 Ill. App. 3d 254 (2002), somewhat problematic. Relying on that case, the majority states: "Our legislature may define a justiciable matter in such a way as to preclude or limit the authority of the circuit court." Slip op. at 4. This proposition is, on its face, at odds with cases like Steinbrecher v. Steinbrecher, 197 Ill. 2d 514, 529-30 (2001), Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc., 199 Ill. 2d 325, 335 (2002), and People ex rel. Graf v. Village of Lake Bluff, 206 Ill. 2d 541, 553 (2003), which hold that, with the exception of administrative review, the jurisdiction of the circuit courts is conferred by the state constitution. In re O.H. was issued about one month after Belleville Toyota and about six months after Steinbrecher, and it acknowledges neither case. In their wake, I think it no longer appropriate to say that "[t]he legislature may define the justiciable matter in such a way as to preclude or limit the authority of the circuit court." In re O.H., 329 Ill. App. 3d at 258. It is, at the very least, imprecise.

Steinbrecher and its kin were civil cases. In Steinbrecher, the supreme court left room for a somewhat different (or additional) set of principles for criminal cases in the following passage:

-6-

"Quoting a more recent decision, <u>People v. Davis</u>, the dissent asserts that failure to comply with a statute is tantamount to a jurisdictional defect and renders the judgment 'void.' 197 Ill. 2d at 547 (Freeman, J., dissenting, joined by McMorrow and Kilbride, JJ.), quoting <u>Davis</u>, 156 Ill. 2d at 156 (' "the power [conferred by the statute] to render the particular judgment or sentence is as important an element of jurisdiction as its personal jurisdiction and subject matter jurisdiction" '). Initially, we observe that <u>Davis</u> discusses jurisdiction 'in the context of criminal proceedings.' <u>Davis</u>, 156 Ill. 2d at 156. <u>Criminal proceedings that involve the power to render judgments or sentences address a separate set of concerns not at issue in the present matter</u>." (Emphasis added.) <u>Steinbrecher</u>, 197 Ill. 2d at 531-32.

Thus, there are actually three potential jurisdictional problems that a court might encounter: (1) personal jurisdiction--or, power over the individual; (2) subject matter jurisdiction--or, the ability to entertain a particular type of case; and (3) the power to render a particular disposition. Indeed, <u>Davis</u> expressly recognizes this: "Some authorities, including this court, have held that the power to render the particular judgment or sentence is as important an element of jurisdiction as is personal jurisdiction and subject matter jurisdiction." <u>Davis</u>, 156 Ill. 2d at 156. Some cases characterize the third as a subspecies of subject matter jurisdiction. See <u>In re M.M.</u>, 156 Ill. 2d 53, 64 (1993) ("Subject matter jurisdiction refers to the power of the court to adjudge concerning the general question involved [citation], as well as the power to grant the particular relief requested"). Others identify the problem as a court, otherwise having subject matter jurisdiction, acting in excess of its jurisdiction. See <u>Hartt v. Hartt</u>, 397 A.2d 518, 522, 121 R.I. 220, 226 (1979). For the sake of clarity, I will address them separately. It is the third jurisdictional problem that gives us the principle

that a sentence in excess of the statutory maximum is void (People v. Brown, 225 Ill. 2d 188, 205 (2007)), and it is the type at issue in this case.

Here, there is no question that the trial court had jurisdiction over defendant's person. Moreover, as the supreme court observed in In re Greene, 76 Ill. 2d 204, 214 (1979), in proceedings under the Act, establishing age is unnecessary to establish the subject matter jurisdiction of the circuit court, because the juvenile court is simply a division of the circuit court and the circuit court has jurisdiction of all justiciable matters--adult and juvenile. Hence, as a court of general jurisdiction, the trial court had jurisdiction over the subject matter of these proceedings, whether properly brought in juvenile or adult court. All that remains is to consider whether the trial court had the authority to adjudicate defendant delinquent.

Section 5--130 of the Act (705 ILCS 405/5--130 (West 2002)) states that the definition of "delinquent minor" contained elsewhere in the Act "shall not apply to any minor who at the time of an offense was at least 15 years of age and who is charged with *** armed robbery when the armed robbery is committed with a firearm." Thus, the trial court lacked the authority to adjudicate defendant delinquent. Lacking the ability to adjudicate defendant delinquent, the court could not proceed on the normal course enabled by such a finding, such as adjudging defendant a ward of the court. See In re L.H., 102 Ill. App. 3d 169, 171 (1981). The important distinction here is that the trial court did not incorrectly determine that defendant was a delinquent minor when it accepted his admission; rather, under no circumstances, given the statutory scheme, could the trial court make such an adjudication. Simply, the circuit court did not have the "power to render [the] judgment[]." Steinbrecher, 197 Ill. 2d at 532.

Absent the power to render a judgment and impose any sanctions upon defendant, defendant never was actually in jeopardy during the earlier proceedings.